IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN MARINE, INC. | § | |
|     *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 4:13-cv-02684 |
| vs. | § | (JURY) |
| | § | |
| | § | |
| TOM PAPACHRISTOU, | § | |
| OMNI INTERNATIONAL, LLC | § | |
| OMNI OF MEMPHIS, LLC, JAMES | § | |
| SKEFOS, and KIM CROCKETT, | § | |
|     *Defendants* | § | |

**ORIGINAL ANSWER OF DEFENDANTS JAMES SKEFOS AND KIM CROCKETT**

Defendants James Skefos ("Skefos") and Kim Crockett ("Crockett")(collectively "Defendants") file this Original Answer to Plaintiff's Second Amended Petition (the "Petition") and respectively show as follows:

**I. Factual Admissions & Denials**

1.  Petition Section II concerns only Skefos; Crockett lacks the information necessary to admit or deny the factual allegations made in that section. Skefos admits that he is the managing member of Omni of Memphis LLC, but otherwise denies the factual allegations in paragraphs 2.01 through 2.04.

2.  Petition Section III concerns only Crockett; Skefos lacks the information necessary to admit or deny the factual allegations made in that section. Crockett admits that she is a public notary, but otherwise denies the factual allegations in Petition paragraphs 3.01 through 3.04.

3.  Defendants lack the information necessary to admit or deny the factual allegations in paragraph 4.01 as those allegations concern alleged discussions between Plaintiff and

defendant Papachristou, except that Skefos admits that Papachristou was authorized to act as defendant Omni of Memphis's agent during the referenced time period.

4. Defendants lack the information necessary to admit or deny the factual allegations in paragraph 4.02 as those allegations concern alleged discussions between Plaintiff and defendant Papachristou.

5. Defendants lack the information necessary to admit or deny the factual allegations in paragraph 4.03 as those allegations concern alleged discussions between Plaintiff and defendant Papachristou and/or the actions of Papachristou.

6. Defendants lack the information necessary to admit or deny the factual allegations in paragraph 4.04.

7. Defendants lack the information necessary to admit or deny the factual allegations in paragraph 4.05.

8. Defendants lack the information necessary to admit or deny the factual allegations in paragraph 4.06 except that Skefos: (i) admits that Omni of Memphis LLC filed suit against Antonios Pagourtzis in Greece; and (ii) denies that there was anything fraudulent or frivolous asserted in that lawsuit.

9. Crockett lacks the information necessary to admit or deny the factual allegations in paragraph 4.07; Skefos admits sending correspondence like that described in paragraph 4.07 to Antonios Pagourtzis, except that he denies that the letter contradicted the actions and positions taken by any defendant in Greece.

10. Defendants lack the information necessary to admit or deny the factual allegations in paragraph 4.08 as those allegations concern defendant Papachristou, except that Skefos denies

any intent on his or Omni of Memphis's part to disclaim Papachristou's agency status for the specific transaction at issue in the lawsuits filed in Greece.

11. Defendants lack the information necessary to admit or deny the factual allegations in paragraph 4.09, except that each denies a meaningful "course of dealing" with Plaintiff, and each admits that he/she at no time discussed Papachristou's alleged criminal record with Plaintiff.

12. Defendants lack the information necessary to admit or deny the factual allegations in paragraph 4.10, except that each denies knowledge of or participation in any "bad faith" lawsuit in Greece.

13. Petition Section V does not concern a claim against Crockett, and she lacks the information necessary to admit or deny the factual allegations in paragraphs 5.01 through 5.08. Skefos denies that he is liable to Plaintiff for contract breach or other liability theory and denies the allegations in paragraphs 5.01 through 5.08.

14. Petition Section VI does not concern a claim against Crockett, and she lacks the information necessary to admit or deny the factual allegations in paragraphs 6.01 through 6.02. Skefos denies that he is liable to Plaintiff under the Texas DTPA or other liability theory and denies the allegations in paragraphs 6.01 through 6.02.

15. Defendants lack the information necessary to admit or deny the factual allegations in Petition Section VII except that: (i) Crockett denies the factual allegations described in paragraph 7.03 and 7.04; (ii) Skefos admits that Papachristou was authorized to act for Omni of Memphis regarding the transaction at issue in the Greek lawsuits (and in pursuing claims regarding that transaction against Antonios Pagourtzis in Greece); and (iii) Skefos denies knowingly participating in the alleged fraud against Plaintiff.

16. Defendants deny the factual allegations in Petition Section VIII, paragraphs 8.01 through 8.09.

## II. Affirmative Defenses

17. <u>Rule 12(b)(2): Lack of Personal Jurisdiction</u>—Defendants are not Texas citizens or Texas resident and their contacts with Texas do not give rise to either general or specific personal jurisdiction in Texas for any claim asserted in this dispute. Defendants ask the Court, prior to any consideration on the merits of this case, to dismiss all claims asserted against them for lack of personal jurisdiction.

18. <u>Rule 12(b)(6): Failure to State a Claim</u>—The Petition fails to state a claim and does not meet the pleading standards required by the Federal Rules of Civil Procedure. Said pleading does not provide fair notice of any claim asserted against Defendants and does not include factual allegations showing any plausible right to relief. If the Court determines that Defendants are subject to personal jurisdiction in Texas, Defendants ask the Court to dismiss the Petition as to them for failure to state a claim.

19. <u>Statute of Limitations</u>: Subject to the foregoing defenses, Plaintiff's claims against Defendants are barred by the applicable statute of limitations.

20. <u>International Comity</u>: Plaintiff's claims should be dismissed for international comity considerations.

21. <u>Forum Non Conveniens</u>: Plaintiff's claims should be dismissed on grounds of forum non conveniens.

22. <u>Estoppel and Unclean Hands</u>: Plaintiff's claims against Defendants are barred by the doctrines of estoppel and unclean hands.

        Respectfully submitted,

        By: ___/s/ *Jason C. Norwood*_____
        Jason C. Norwood
        Attorney-in-Charge (for all Defendants)
        Texas Bar No. 24027579
        S. Dist. of Texas Adm. ID No. 28825
        2900 Weslayan, Suite 230
        Houston, Texas 77027
        Phone: (713) 400-9002
        Facsimile: (713) 400-9006

        *Counsel for Defendants,*
        *Tom Papachristou, James Skefos,*
        *Kim Crockett, Omni International, LLC and*
        *Omni of Memphis, LLC*

OF COUNSEL:

**Renshaw Norwood, PLLC**
Justin W. R. Renshaw
Texas Bar No. 24013392
S. Dist. of Texas Adm. ID No. 25865
2900 Weslayan, Suite 230
Houston, Texas 77027
Phone: (713) 400-9001
Facsimile: (713) 400-9006

## **CERTIFICATE OF SERVICE**

  I hereby certify that I served a true and correct copy of the foregoing to all counsel of record via CM/ECF and/or facsimile this 26th day of September, 2013.

             /s/ *Jason C. Norwood*
             Jason C. Norwood